UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN ROBERT DEMOS, JR.,<br><br>              Plaintiff,<br><br>     v.<br><br>BOB FERGUSON, *et al.*,<br><br>              Defendants. | Case No.   C14-0652-MJP-MAT<br><br>REPORT AND RECOMMENDATION |

Plaintiff John Demos has submitted to the Court for filing a proposed civil rights complaint. (*See* Dkt. 1.) Plaintiff alleges in his complaint that the two named defendants used "false documents" purporting to be from the Washington State Supreme Court to cause the dismissal in Clallam County Superior Court of petitioner's petition for writ of habeas corpus. (*See id*. at 2.) Plaintiff contends that defendants' conduct violated the Civil Rights of Institutionalized Persons Act, the First Amendment to the United States Constitution, and defendants' respective oaths of office. (*See id*. at 2-4.)

Plaintiff includes in his complaint a motion to proceed with this action *in forma pauperis* ("IFP"). (*See* Dkt. 1 at 5.) Plaintiff's request to proceed *in forma pauperis* is

deficient because it was not submitted on the forms supplied by the Court and does not contain all of the requisite information. However, it would serve no purpose to require plaintiff to correct this deficiency because plaintiff may not, in any event, proceed with this action *in forma pauperis*.

Plaintiff was convicted in 1978 of attempted rape and first-degree burglary and was sentenced to an indeterminate sentence of 240 months to life in prison. *See State v. Demos*, 619 P.2d 968 (Wash. 1980). He is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993).

An Order of this Court provides for the return without filing of any petition that seeks an extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253 or 2254, unless accompanied by the filing fee. *See Demos v. Stanley*, MC97-0031-JLW (W.D. Wash. Mar. 13, 1997). Plaintiff is also limited to three *in forma pauperis* applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982).

Finally, because plaintiff has had numerous prior actions dismissed as frivolous, malicious, or for failure to state claim, *see Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999), any request by plaintiff to proceed *in forma pauperis* is barred by § 1915(g) unless he demonstrates that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The instant complaint does not contain "a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v.*

REPORT AND RECOMMENDATION
PAGE - 2

01 *Cervantes*, 493 F.3d 1047 (9th Cir. 2007). Plaintiff's request to proceed *in forma pauperis*
02 therefore does not meet the "imminent danger" requirement under § 1915(g).

03     Accordingly, this Court recommends that plaintiff's request to proceed *in forma*
04 *pauperis* be DENIED pursuant to 28 U.S.C. §1915(g). This action should proceed only if
05 plaintiff pays the $400 filing fee within ***thirty (30) days*** after entry of the Court's Order
06 adopting this Report and Recommendation. If no filing fee is paid within thirty days of the
07 Court's Order, the Clerk should close the file.

08     DATED this 15th day of May, 2014.

                      Mary Alice Theiler
                      Chief United States Magistrate Judge